UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANDREW BARNETT, | ) |
|               Plaintiff, | ) ) ) |
|               v. | )   No. 2:17-cv-00173-WTL-MPB ) |
| G. HARLOW C.O., JULIAN Warden, MCCOY Medical Supervisor, FORTUNE Unit Manager, DOOER CMC, ERICA SCHMIDTT Dr., and BAKER S.I.S. Lt., | ) ) ) ) ) ) |
|               Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status,
Screening Complaint, Dismissing Claims, and
Directing Issuance and Service of Process**

I. *In Forma Pauperis* Status

Plaintiff's motion for leave to proceed in forma pauperis, dkt. [2], is **granted**. An initial partial payment of thirteen dollars and nineteen cents (**$13.19**), toward the entire $350 filing fee, shall be paid to the clerk **no later than May 30, 2017**. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

II. Screening of the Complaint

A.     Legal Standard

The complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

      B.      Plaintiff's Complaint

Plaintiff Andrew Barnett is an inmate at the Federal Correctional Institution in Terre Haute, Indiana. He alleges that on March 2, 2017, defendant Lt. Baker, a correctional officer, ordered that plaintiff be removed from the prison's general population and placed in protective custody status in the prison's special housing unit. While in a holding cell awaiting processing into the special housing unit, defendant Harlow, a correctional officer in charge of the special housing unit, approached him with a photograph of a large black inmate and said that inmate would be plaintiff's cellmate, and that the large black inmate "loves white-boys." Complaint, dkt. 1, p. 3. A few

minutes later, defendant Harlow entered plaintiff's cell, knocked him to the ground, and handcuffed him. *Id*. Plaintiff alleges he was then dragged into a cell where the large black inmate was waiting, while defendant Harlow left, saying "You two have fun now ya hear." *Id*. The large black inmate then raped plaintiff, he alleges. *Id*. Following the rape, plaintiff alleges he was taken to the emergency room of Union Hospital for a full examination which revealed evidence supporting his claim. *Id.* at p. 4. Recently, plaintiff alleges, defendant Harlow has started making sexual comments to him, sexually harassed him, asked for sexual favors, told plaintiff to perform oral sex on him, and "poked [him] in the butt" with a door key.

Plaintiff next alleges that defendant Julian, the prison Warden, came to his cell on March 8, 2017, where plaintiff informed him of the rape and requested that defendant Harlow be disciplined. He asserts that not only did defendant Julian refuse to discipline defendant Harlow, but that defendant Julian had the rapist moved "back on the same range with" plaintiff. *Id*. at p. 4.

In regard to defendant McCoy, plaintiff alleges that McCoy, the prison medical supervisor, refused to provide him with the medications and blood work prescribed by the Union Hospital emergency room doctor to treat potential problems from the sexual assault. *Id.* at p. 4.

Defendant Fortune is alleged to have come to plaintiff's cell door on March 15, 2017, and asked plaintiff, in a voice loud enough for other inmates to hear, "Did you enjoy it?" *Id*. at p. 4. Plaintiff contends Fortune was asking about the sexual assault.

Defendant Dooer is alleged to have followed Fortune's comments with his own comments that plaintiff should have learned to fight if he did not want to be sexually assaulted, and that the assailant was a sexually aggressive homosexual.

Plaintiff alleges that defendant Schmidtt, the prison psychologist, are that Schmidtt has not responded to plaintiff's requests to see him and he has not offered plaintiff counseling and suicide prevention coping skills. Plaintiff asserts that he has never seen Schmidtt.

Defendant Baker, plaintiff alleges, was responsible for investigating plaintiff's report of being sexually assaulted. He interviewed plaintiff about the allegations in front of other inmates and staff rather than in a private setting. Plaintiff asserts that Baker encouraged the assailant to lie and make up a story about the incident, told defendant Harlow in an email that "we'll sweep [plaintiff's claims] under the rug."

Plaintiff seeks monetary and injunctive relief for these violations of his Eighth Amendment right to be free from cruel and unusual punishment.

C.   Analysis

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that "the effect of Bivens was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials").

Plaintiff's claims against defendants Harlow, Julian, McCoy, and Schmidtt shall proceed. Accepting plaintiff's factual allegations as true, which the Court must for screening purposes, *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013), plaintiff states an Eighth Amendment claim against these defendants upon which relief can be granted.

As to defendants Dooer, Fortune, and Baker, there are no allegations that their actions or comments placed plaintiff in danger or otherwise resulted in actionable harm. Taken as true, their comments and actions may be unprofessional, but do not rise to the level of a constitutional violation. Verbal abuse and harassment under these circumstances are not constitutional violations. *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *see also, DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (verbal abuse does not constitute cruel and unusual punishment). Likewise, discussing plaintiff's rape report where other inmates can hear it does not, under the facts pled, constitute a constitutional violation. Plaintiff does not allege that he faced a substantial risk of serious harm because of it, nor has he pled that defendant Baker knew of and disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "A substantial risk of serious harm is one in which the risk is 'so great' that it is "almost certain to materialize if nothing is done." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011). The claims against defendants Dooer, Fortune, and Baker are **dismissed for failure to state claims upon which relief can be granted**.

### III. Summary and Opportunity to Show Cause

The Court has screened the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's claims against defendants Julian, McCoy, Schmidtt, and Harlow shall proceed. The claims against defendants Dooer, Fortune, and Baker are **dismissed**. Should plaintiff believe the Court has overlooked or failed to address a claim or defendant he has presented, he shall have **through May 30, 2017**, to identify those claims.

### IV. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(2) to issue process to defendants C.O. G. Harlow, Warden Julian, Medical Supervisor McCoy, and Dr. Erica Schmidtt. Process shall consist of a summons. Because plaintiff is proceeding under *Bivens v. Six Unknown Named Agents*

*of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)*,* **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, a copy of the complaint filed April 17, 2017 (dkt. 1), and a copy of this Entry, on each defendant and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

Defendants **shall respond** to plaintiff's motion for temporary restraining order and preliminary injunction **within ten (10) days** of the date counsel appears in this action.

IT IS SO ORDERED.

Date: 5/2/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrew Barnett, #71117-065
Terre Haute - FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

C.O. G. Harlow
FCI Terre Haute
4200 Bureau Rd N
Terre Haute, IN 47802

Warden Julian
FCI Terre Haute
4200 Bureau Rd N
Terre Haute, IN 47802

Medical Supervisor McCoy
FCI Terre Haute
4200 Bureau Rd N
Terre Haute, IN 47802

Dr. Erica Schmidtt
FCI Terre Haute
4200 Bureau Rd N
Terre Haute, IN 47802