UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANDREW BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00173-WTL-MPB |
| | ) | |
| G. HARLOW C.O., JULIAN Warden, | ) | |
| MCCOY Medical Supervisor, | ) | |
| ERICA SCHMIDTT Dr. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Defendants' Motion for Summary Judgment
and Directing Entry of Final Judgment**

Andrew Barnett is a federal prisoner who was previously confined at USP Terre Haute.  He

brought this 42 U.S.C. § 1983 action on April 17, 2017, asserting claims for an incident alleged to

have occurred on March 2, 2017 in the Terre Haute prison. The complaint was screened pursuant

to 28 U.S.C. § 1915A. Eighth Amendment cruel and unusual punishment claims proceeded against

defendants Correctional Officer G. Harlow, Warden Julian, Medical Supervisor McCoy, and

medical provider Dr. Schmidtt. The other defendants were dismissed from the action. The four

remaining defendants move for summary judgment on their affirmative defense that Mr. Barnett

failed to exhaust his administrative remedies. Mr. Barnett did not respond to defendants' motion,

and the time to do so has passed.

For the reasons explained, defendants' unopposed motion for summary judgment, Dkt. No.

50, is **granted**, and Mr. Barnett's claims are dismissed without prejudice.

# I. Background

Mr. Barnett is a federal prisoner currently incarcerated at the United States Penitentiary in Coleman, Florida. This lawsuit concerns claims from his time incarcerated at USP Terre Haute and are asserted against four staff at that facility. He alleges that a correctional officer assaulted him then allowed another inmate to sexually assault him. He also alleges that the facility Warden talked to him the next day and refused to help him and then moved the inmate who had assaulted him back into the same area where he was housed.

Mr. Barnett also alleged that the medical supervisor refused to provide him medical treatment following the sexual assault, and that the staff psychologist, Dr. Schmidtt, refused his requests to be seen for counseling about the sexual assault.

These four defendants move for summary judgment, contending all of Mr. Barnett's claims are barred under the exhaustion of administrative remedies provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. This statute requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.

As noted, Mr. Barnett failed to respond to defendants' motions for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Barnett has conceded defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard

for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Barnett and supported by admissible evidence, are accepted as true:

At all times relevant to his claims, Mr. Barnett was incarcerated at USP Terre Haute. The Bureau of Prisons ("BOP") had promulgated an administrative remedy system, codified in 28 C.F.R. § 542.10, that was in effect at all times relevant to this case. The administrative remedy process allows an inmate to seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his administrative remedies under this process, an inmate must first file an informal remedy request through the appropriate institution staff member (BP-8). If the inmate is not satisfied with the response to his informal request, he is required to file his complaint with the Warden (BP-9). *See* 28 C.F.R. § 542.14. The deadline for completion of these two steps is twenty days following the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.14(a).

If the inmate is dissatisfied with the Warden's response, he may appeal the decision to the Regional Director (BP-10) within twenty calendar days of the date the Warden responded. *See* 28 C.F.R. § 542.15. Finally, if an inmate is dissatisfied with the Regional Director's response, he may appeal to the General Counsel (BP-11). *See id.* Once the General Counsel has responded, an inmate has exhausted all of his administrative remedies.

All administrative remedy requests filed by inmates are logged in the SENTRY computer database utilized by the BOP to track such requests. This database was used to review Mr. Barnett's administrative filings. According to the database, Mr. Barnett filed multiple

administrative remedy requests regarding the allegations in his Complaint during his incarceration with the BOP.

First, Mr. Barnett submitted a BP-10, remedy number 897779, on April 3, 2017, asserting a "Staff PREA Allegation." The BOP Regional Office closed the request on April 28, 2017. There is no record that Mr. Barnett appealed that decision. This was the only filing Mr. Barnett made on remedy number 897779. Dkt. 50-1, ¶ 5 (affidavit of K.R. Schalburg).

Next, Mr. Barnett filed a BP-9, remedy number 898718, on April 18, 2017, asserting "Staff allegation/Assaulted by an inmate in SHU." This remedy request was filed the day *after* this lawsuit was filed. It alleged that Mr. Barnett was sexually assaulted by an offender. Officials at the USP responded to the remedy and informed Mr. Barnett that the matter would be investigated, but that he would not be informed about the outcome of the investigation. BOP records show that Mr. Barnett did not take any further action on this remedy. He did not appeal it to the Regional Office or the Central Office. *Id.*, ¶ 6.

## II. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the

PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Barnett failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

### III. Discussion

The uncontested facts demonstrate that defendants have met their burden of proving that Mr. Barnett "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Given his wholesale failure to respond, Mr. Barnett has not identified a genuine issue of material fact supported by admissible evidence that counters the facts

offered by defendants. One of these facts is that the BOP had an administrative remedy process in place through which Mr. Barnett could have complained about the alleged assault and the failure to receive adequate medical and psychological treatment for its effects.

Mr. Barnett's first attempt to follow the administrative remedy process, remedy number 897779, resulted in a response, but no further action was taken by Mr. Barnett. He did not appeal the decision through all appellate avenues. He essentially abandoned the remedy. Mr. Barnett's second attempt to grieve the issues regarding the alleged assault, remedy number 898718, also received a response, but Mr. Barnett essentially abandoned it as well when he did not follow through with appeals through the next levels. Because completing all levels of the administrative appeals process is required, the uncontested evidence shows that Mr. Barnett did not exhaust his administrative remedies. *See Woodford*, 548 U.S. at 90.

The consequence of Mr. Barnett's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the reasons explained above, defendants' motion for summary judgment, Dkt. No. 50, is **granted**. This action is **dismissed without prejudice**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_

Date: 1/3/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Andrew Barnett
71117-065
Coleman – I USP
Coleman I U.S. Penitentiary
P.O. Box 1033
Coleman, FL  33521